UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM THE NATIONAL COURT OF FIRST INSTANCE IN CIVIL MATTERS NO. 87 IN BUENOS AIRES, ARGENTINA IN THE MATTER OF LUCIANA ANDREA CALVO V. FERNANDO ANDRES | Case No. |

### GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF
### *EX PARTE* APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782(a)

The United States of America, by and through counsel, submits this Memorandum of Law in support of the *Ex Parte* Application for Order,[1] pursuant to 28 U.S.C. § 1782(a), to execute a Letter of Request from judicial authorities in Buenos, Aires, Argentina for international judicial assistance to obtain bank records from Bank of America, N.A. ("Bank of America").

### INTRODUCTION

The request for international judicial assistance comes from the National Court of First Instance in Civil Matters No. 87 in Buenos Aires, Argentina ("Argentine Court"). Specifically, the Argentine Court issued a Letter of Request seeking assistance to obtain bank records for use

---

[1] "Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas." *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). *See also Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 55 F.4th 469, 474 (5th Cir. 2022) (commenting that "it is not unusual for § 1782(a) applications to be made on an *ex parte* basis to the district court" and holding that the *ex parte* process should not restrict a respondent's legal rights). Note, even though these applications are generally filed *ex parte*, they do not need to be filed under seal. *See, e.g.*, Order denying Motion to Seal U.S.'s Application for Ex Parte Order Appointing Commissioner Pursuant to 28 U.S.C. § 1782, In re Mutual Assistance of Local Court of Wetzlar, Germany, 1:17-mc-00078-SKO, 2018 WL 306678, at *3 (E.D. Cal. Jan. 5, 2018).

in *Luciana Andrea Calvo v. Fernando Andres*, Foreign Reference Number 547/2023. *See* Declaration of Senior Trial Counsel Katerina Ossenova, ¶ 2 & Ex. A [hereinafter Ossenova Decl.] (Letter of Request received by the Office of International Judicial Assistance on June 5, 2023).

The facts of this case, as stated in the Letter of Request, indicate that this is a civil proceeding in which the Argentine Court is adjudicating the liquidation of community property between the individual parties named in the foreign court caption. In order to make its determination, the Court is requesting information regarding financial account information of the defendant, Fernando Andres.

The Argentine Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance in Washington, D.C. pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 [hereinafter HCCH 1970 Evidence Convention]. In order to execute this request for international judicial assistance, authority must be obtained from this Court. 28 U.S.C. § 1782(a).

**ARGUMENT**

**I.      THE HCCH 1970 EVIDENCE CONVENTION**

The HCCH 1970 Evidence Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose." HCCH 1970 Evidence Convention pmbl. The HCCH 1970 Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the*

*S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). The HCCH 1970 Evidence Convention is in force in both the United States and Argentina. Hague Conference on Private International Law, *Status Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited June 12, 2023) (The HCCH 1970 Evidence Convention entered into force in Argentina on July 7, 1987).

When executing a Letter of Request, the HCCH 1970 Evidence Convention requires a Requested Authority to "apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings." HCCH 1970 Evidence Convention, art. 10. Furthermore, Article 9 of the HCCH 1970 Evidence Convention provides, in pertinent part, that: "the judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed, and that a 'Letter of Request shall be executed expeditiously.'" *Id.* at art. 9.

Under Article VI of the United States Constitution, treaties, such as the HCCH 1970 Evidence Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts. *See Whitney v. Robertson*, 124 U.S. 190, 194 (1888) ("By the constitution, a treaty is placed on the same footing, and made of like obligation, with an act of legislation."). *See also Reid v. Covert*, 354 U.S. 1, 18 (2000) (acknowledging that the Supreme Court "has also repeatedly taken the position that an Act of Congress, which must comply with the Constitution, is on a full parity with a treaty").

## II.     STATUTORY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

The authority for this Court to assist foreign tribunals in obtaining documents is contained in 28 U.S.C. § 1782. Section 1782 authorizes a district court to order the testimony or statement or the production of a document or thing from a person who "resides or is found" in that district "for use in a proceeding in a foreign or international tribunal." *Id.* § 1782(a). Such orders include those requested by a foreign or international tribunal and may direct that the testimony, statement, document, or thing "be produced before a person appointed by the court." *Id.* Following a § 1782 appointment, "the person appointed has power to administer any necessary oath and take the testimony or statement." *Id.* In addition, a § 1782 order "may prescribe the practice and procedure" for producing the document, including the practice and procedure of the requesting tribunal. *Id.* "To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure." *Id.*

Section 1782 "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g.*, *In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988) (discussing several historical instances in which Congress has broadened § 1782, each time increasing the statute's ability to provide international judicial assistance), *abrogated on other grounds by Intel Corp.*, 542 U.S. 241. District courts have repeatedly appointed Department of Justice Attorneys to act as commissioners pursuant to this provision for the purpose of rendering judicial assistance to

foreign courts. *See, e.g., In re Clerici,* 481 F.3d 1324, 1327 (11th Cir. 2007) (affirming a district court's appointment of an Assistant United States Attorney to obtain sworn answers to questions posed in letters rogatory). *See also In re Request for Judicial Assistance From the Nat'l Court of Original Jurisdiction No. 68 in Buenos Aires, Argentina*, No. 3:19-MC-31-J-39MCR, 2019 WL 5528394 (M.D. Fla. Oct. 25, 2019) (appointing Department of Justice Attorney commissioner to obtain evidence from Merrill Lynch).

This Court is authorized to provide assistance to the Argentine Court if the three requirements set forth in § 1782 are met. Those requirements are: (1) the person from whom discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person." 28 U.S.C. § 1782(a). *Accord In re Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery*, 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004) (quoting *In re Application of Esses*, 101 F.3d 873 (2d Cir. 1996)).

Here, each of these threshold statutory requirements is easily met. First, Bank of America "resides or is found in" the District of Delaware because the company's subpoena processing center is located in Newark, Delaware.[2] Second, the Letter of Request explains that the documents are "for use in a proceeding before a foreign tribunal" as these bank records are needed for use in the Argentine action to determine the scope of the property at issue. *See* Ossenova Decl., Ex. A. Third, the Letter of Request is made by the Argentine Court, *id.*, which is a "foreign or international tribunal," 28 U.S.C. § 1782(a).

---

[2] When executing requests for financial records, the Office of International Judicial Assistance's policies and procedures require that the request be executed in the district where the subpoena processing center is located for the particular financial institution.

### III.     DISCRETIONARY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

Although "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so," *Intel*, 542 U.S. at 264, § 1782 "grants district courts wide discretion to determine whether to grant discovery and equally wide discretion to tailor such discovery to avoid attendant problems," *Esses*, 101 F.3d at 876.

The Supreme Court has identified four factors that a court may consider in exercising its wide discretion to grant a § 1782(a) request: (1) whether the person from whom the discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, character of the proceedings, and the receptivity of the foreign tribunal to judicial assistance; (3) whether the request conceals and attempt to circumvent foreign proof-gathering or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *Intel*, 542 U.S. 264-65.

The statute's "twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts" should guide the Court's analysis. *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992). *See also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."). Here again, each of these discretionary factors weigh in favor of assisting the Argentine Court.

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the

assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech Rep.*, 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) [hereinafter *In re Svitavy*]. *See also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."); *Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 912-13 (N.D. Cal. 2019) (finding that the first factor weighed in favor of granting the § 1782 application because the requesting German court was unable to compel the production of documents and testimony from a party residing or located outside Germany without U.S. court assistance). Bank of America is not a party to the proceedings and is not subject to the Argentine Court's jurisdiction because it is located in Delaware; thus, the first factor weighs in favor of granting the motion.

Second, there is nothing in the Letter of Request to suggest that this Court should decline to grant the Application based on the nature of the Argentine Court or the character of the proceedings. Additionally, this request was initiated by the Argentine Court and not by an independent party; therefore, the Argentine Court is clearly receptive to the assistance of this Court. Thus, the second factor weighs in favor of granting the motion. *See In re Request for Int'l Jud. Assistance from the Norrkoping Dist. Court, Sweden*, 219 F. Supp. 3d 1061, 1063 (D. Colo. 2015) (holding that because the Swedish court sought judicial assistance from the United States, the second *Intel* factor weighed in favor of disclosure.).

With respect to the third factor, because the requester is the Argentine Court, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent Argentine discovery rules or to thwart policies of either the United States or Argentina. *See In re Svitavy*, 748 F. Supp. 2d at 529 ("[T]he fact that the request was initiated by the Svitavy Court

itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). While the records and information sought by the Argentine Court are held by a United States financial institution, the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. § 3401 et seq., does not apply to this request under § 1782. *See Young v. U.S. Dept. of Justice*, 882 F.2d 633, 638-39 (2d Cir. 1989) (finding RFPA did not apply to Department of Justice attorney who was acting in capacity as a commissioner under § 1782); *In re Letter of Request for Judicial Assistance from Tribunal Civil de Port-Au-Prince*, 669 F. Supp. 403, 407 (S.D. Fla. 1987) (finding RFPA inapplicable to request pursuant to 28 U.S.C. § 1782). Therefore, the third *Intel* factor weighs in favor of granting the Argentine Court's request for judicial assistance.

And with respect to the fourth factor, the request seeks specific information regarding Bank of America accounts and other holdings of the defendant, Mr. Andres, and therefore would not be unduly intrusive or burdensome. *See, e.g., In re Application of Mesa Power Grp., LLC*, 878 F. Supp. 2d 1296, 1306 (S.D. Fla. 2012) (holding that "no undue burden exists because the discovery requests being compelled through this Order are sufficiently tailored."); *In re Application of MTS Bank,* No. 17-21545-MC, 2017 WL 3276879, at *13 (S.D. Fla. Aug. 1, 2017) (holding "[a]n objection must show specifically how a [discovery request] is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which reveals the nature of the burden") (internal quotations removed). *See also Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015) ("[W]hether a request is intrusive or burdensome should not be assessed based on the 'discovery scope' available in a foreign proceeding. Few if any foreign jurisdictions permit the scope of discovery available in our courts."). Thus, the fourth factor also weighs in favor of granting the request.

In summary, consideration of the four discretionary factors set forth by the Supreme Court in *Intel* favors authorizing judicial assistance to the Argentine Court.

## CONCLUSION

Attached to the Declaration of Senior Trial Counsel Katerina Ossenova is the proposed subpoena that this office intends to serve (in substantially similar format) on Bank of America should the Court grant the Application pursuant to 28 U.S.C. § 1782(a). *See* Ossenova Decl., ¶ 3 & Ex. B. We respectfully request that the Court order Bank of America to produce the documents directly to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance (OIJA) for transmission to the National Court of First Instance in Civil Matters No. 87 in Buenos Aires, Argentina. 28 U.S.C. § 1782(a) ("The order may prescribe the practice and procedure . . . for . . . producing the document . . . .").

WHEREFORE, the United States respectfully requests that the Court issue an Order, in the form attached to the Application, appointing Department of Justice Senior Trial Counsel Katerina Ossenova Commissioner for the purpose of issuing a subpoena to execute the request for international judicial assistance.

Dated: June 22, 2023                    Respectfully Submitted,

                                                           DAVID C. WEISS
United States Attorney

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director, Office of Foreign Litigation
Civil Division, United States Department of Justice

By:     /s/ Katerina Ossenova
KATERINA OSSENOVA
Senior Trial Counsel
United States Department of Justice, Civil Division
Office of Foreign Litigation
Office of International Judicial Assistance
1100 L Street, NW
Room 8102
Washington, DC 20530
Telephone: 202-353-0194
Email: Katerina.V.Ossenova@usdoj.gov